The defendant, Roger Forcier, posted a message on his status on the Web site Facebook, for which a jury convicted him of violating a G. L. c. 209A abuse prevention order. The defendant challenges the sufficiency of the evidence and asserts, further, that his Facebook post is protected speech under the First Amendment to the United States Constitution. We affirm.
Discussion. 1. Sufficiency of the evidence. To convict the defendant of violating an abuse prevention order, the Commonwealth must establish that "(1) a valid G. L. c. 209A order was entered by a judge and was in effect on the date of the alleged violation; (2) the defendant violated the order; and (3) the defendant had knowledge of the order." Commonwealth v. Silva, 431 Mass. 401, 403 (2000), citing Commonwealth v. Collier, 427 Mass. 385, 388-389 (1998). In this case, the defendant challenges the sufficiency of the second element, arguing, specifically, that the Commonwealth did not put forth sufficient evidence that he intended to convey a threat to the victim in violation of the "no abuse" portion of the restraining order. Accordingly, we review the evidence in the light most favorable to the Commonwealth to determine whether there was enough evidence to satisfy a rational trier of fact, see Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979), that the Facebook communication the defendant posted intentionally placed the victim "in fear of imminent serious physical harm." G. L. c. 209A, § 1, as amended through St. 1990, c. 403, § 2. See Collier, supra at 389 (violation of G. L. c. 209A order must be by "an intentional act by the defendant").
In the late evening of November 17, 2014, the defendant posted on Facebook that "[n]ot too many people can hit a moving target at 300-500 yards. I'm one of them. And right now, all I need is [twenty-five]. Two rounds. That's all it will take. One for you and one for ...." Although the defendant and the victim had blocked each other from communicating via Facebook, a friend of the victim viewed the post, took a "screen-shot" of it, and texted that photograph to the victim. The victim read the post the next day and reported it to the police that same day.
The post did not name the victim; however, where the restraining order had been recently modified to contain a twenty-five-yard stay-away provision, the jury could reasonably infer that the defendant's post, which boasts that he only needed twenty-five yards "to shoot you," was intended for the victim. The defendant's use of the word "you" rather than "her" or "she" also suggested that he intended the communication to be read by victim directly. The fact that the threat came through Facebook, from which the victim blocked the defendant's posts, does not alter this analysis. The jury could reasonable infer that, after ten years of dating, the victim and defendant would have accumulated mutual Facebook friends. See Commonwealth v. Walters, 472 Mass. 680, 696 n.33 (2015) (post on Facebook can communicate threat under stalking statute, especially when person placing post and victim have mutual friends).
The evidence also supported a reasonable inference that the defendant placed the victim in objectively reasonable fear of imminent physical harm. See Vittone v. Clairmont, 64 Mass. App. Ct. 479, 484 (2005). In the post the defendant bragged about his short and long range shooting capabilities and, further, his ability to shoot the victim in one round. To the victim, this was not simply hyperbole. She knew the defendant had been a sharpshooter in the Marines and, thus, she had good reason to fear imminent physical harm. Contrary to the defendant's contention, the fact that the defendant also claims to not "own a gun" did not take away from the reasonableness of the victim's fear or dissipate the immediacy of the threat. The restraining order was fairly new, suggesting the victim's prior abuse at the hands of the defendant was not attenuated, and the defendant was not imprisoned. Contrast Callahan v. Callahan, 85 Mass. App. Ct. 369, 377-378 (2014) (reasonable fear of "imminent serious physical harm" lessens over time after abusive partner is imprisoned).
2. First Amendment. The defendant also argues that his Facebook post is protected speech under the First Amendment. The defendant waived this issue by raising it for the first time on appeal. See Commonwealth v. Johnson, 470 Mass. 300, 307 (2014). In any event, even if we were to reach this issue, the defendant would not prevail because "the First Amendment does not protect conduct that threatens another." Commonwealth v. Robicheau, 421 Mass. 176, 183 (1995). We discern no error.
Judgment affirmed.